UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARILYN HOWARD,** | ) | **CASE NO. 1:06CV2821** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **WELLS FARGO MINNESOTA, NA,** | ) | |
| **AS TRUSTEE,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion of Defendant, Wells Fargo Bank, N.A., as Trustee ("Wells Fargo Bank"), improperly named in the Complaint as Wells Fargo Minnesota, N.A., to Stay Court Proceedings and to Dismiss Class Action Claims. (ECF DKT #3). For the following reasons, the motion is granted, all court proceedings are stayed, and the class action claims are dismissed.

**I. FACTUAL BACKGROUND**

On April 11, 2000, Plaintiff Marilyn Howard ("Howard") obtained a residential mortgage loan from Delta Funding Corporation ("Delta"), evidenced by a Note and Mortgage

on property located at 13004 Rexwood, Garfield Heights, Ohio 44105. On November 4, 2003, the Loan was assigned to Wells Fargo Bank.

At the same time she executed the Note and Mortgage, Howard also executed a separate Arbitration Agreement, setting forth "the circumstances and procedures under which claims (as defined below) may be arbitrated instead of litigated in court." The Arbitration Agreement defines "***Claims***" as follows:

> any claim, dispute or controversy between you and us (except for any Excluded Claims, as defined below) arising from or relating to the [Loan] or the relationships resulting from the [Loan] ... The term "Claim" is to be given the broadest possible meaning and includes, by way of example and without limitation, any claim, dispute or controversy that arises under or relates to the Truth in Lending Act, the Homeowners and Equity Protection Act and Regulation Z (including any purported election to rescind the Credit Transaction); the Equal Credit Opportunity Act and Regulation B; the Real Estate Settlement Procedures Act and Regulation X; the Fair Credit Reporting Act; the Fair Debt Collection Practices Act, state insurance and usury lending laws; fraud or misrepresentation, including claims for failing to disclose material facts; other federal or state consumer protection statutes or regulations; any party's execution of this Agreement and/or willingness to be bound by the terms of this Agreement; or any dispute about soliciting, originating, making, closing, servicing, collecting or enforcing the [Loan].

"***Excluded Claims***", among others, are: "(a) any action to effect a ... foreclosure or to establish a deficiency judgment; (b) any action arising out of unlawful detainer; (c) eviction ...; [and] (e) any action to quiet title."

In a separate paragraph, the Agreement further provides in pertinent part: "There shall be no right or authority for any Claims to be arbitrated on a ***class action*** or class-wide basis. There shall be no right to arbitrate a claim as a representative of others or in a private attorney general capacity."

Directly above Howard's signature was the following ***Acknowledgment***: "By signing

-2-

below, you acknowledge that you understand and agree that if arbitration of any Claim is elected, you will be giving up your right to a court or jury trial and the right to be part of a class action, and that you give up those rights knowingly and voluntarily.  You further understand and agree that other rights that you would have if you went to court will also not be available in arbitration."

In the captioned Complaint, Howard alleges Wells Fargo failed to record a satisfaction of mortgage with the County Recorder of Cuyahoga County within ninety days of the date the mortgage was paid in full, as required by Ohio Revised Code § 5301.36(B).  Howard seeks to represent a putative class of all persons who, since January 3, 2000, paid in full a residential mortgage loan with respect to which Wells Fargo Bank was the mortgagee; and the satisfaction was not filed in the appropriate County Recorder's Office within ninety days after such payment in full.  The Complaint seeks statutory damages in the amount of Two Hundred Fifty Dollars, interest, litigation costs, and expenses.

The instant case was removed to federal court on November 21, 2006 under the Class Action Fairness Act.  The proposed class includes more than one hundred members and the alleged damages exceed Five Million Dollars.  Wells Fargo Bank submits a declaration that it held as Trustee more than thirty thousand Ohio residential mortgage loans which were paid off from January 3, 2000 to the present.  At the statutory minimum damage figure of Two Hundred  Fifty Dollars per unfiled mortgage loan satisfaction, the damages exceed the amount required by the Class Action Fairness Act.

Wells Fargo Bank has moved to stay the court proceedings and to dismiss the class action claims, based upon the operation of the Arbitration Agreement executed at the same

time as Howard's Note and Mortgage. Howard asserts, though she agreed to arbitrate certain disputes, this Complaint is not a "Claim" under the Arbitration Agreement. Moreover, this action arose three months after the parties' credit transaction relationship ended, and constitutes an "Excluded Claim." Further, Plaintiff insists she retains her right to pursue a class action claim; because the class action waiver in the Agreement is unconscionable and frustrates the purpose of R.C. § 5301.36.

## II. LAW AND ANALYSIS

**Standard of Review**

**The Federal Arbitration Act ("FAA")**

By its terms, the Arbitration Agreement, executed by Plaintiff Marilyn Howard, is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*. The FAA provides that an arbitration clause in a "transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2003). If the Court determines that an issue brought before it is referable to arbitration under a written arbitration agreement, it shall, on the application of one of the parties, stay the proceedings until arbitration is completed. 9 U.S.C. § 3 (2003). The FAA mandates when the Court is "satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (2003). The FAA establishes a liberal policy favoring arbitration agreements, and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation. See *Fazio v. Lehman*

*Bros., Inc.*, 340 F. 3d 386, 392 (6th Cir. 2003).  The FAA requires courts to "rigorously enforce" arbitration agreements.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).  Yet, arbitration clauses are subject to the same defenses or bars as other contract provisions.  9 U.S.C. § 4 (2003).  The Court must ascertain whether the parties agreed to arbitrate the dispute at issue.  See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, *Inc.*, 473 U.S. 614, 626 (1985).  A party cannot be required to arbitrate any dispute if the party has not agreed to do so.  *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960).  The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement."  *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989).

The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  *Green Tree Financial Corp.- Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

Plaintiff Howard argues her cause of action is beyond the ambit of the Arbitration Agreement.  A "Claim", under the Agreement, is defined as arising out of the Credit Transaction or Loan; and Howard's Credit Transaction or Loan terminated when she paid her Loan in full on January 3, 2006.  Howard insists Defendant's statutory duty under R.C. § 5301.36(B), to record the satisfaction of the mortgage necessarily arises *after* the loan is paid.

Yet, the Arbitration Agreement expressly survives full payment of the Loan.  Under the caption, "Survival, Severability, Primacy" the document states: "This Agreement shall

survive voluntary payment of the loan in full by you ..."  " Moreover, the United States Supreme Court has held a dispute, "although arising after the expiration of the collective-bargaining contract, clearly arises under that contract."  *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL-CIO*, 430 U.S. 243, 249 (1977).  Howard and Wells Fargo Bank's predecessor-in-interest, Delta, not only failed to exclude from arbitrability contract disputes arising after termination, but specifically contracted for post-termination arbitration of disputes.

Howard also contends the recording of a mortgage satisfaction is not an integral part of the lending process, since it occurs after the debt and the extension of credit are extinguished.  Wells Fargo counters, and the Court agrees, Howard's claim *does* implicate the obligations of both Wells Fargo Bank and Howard under the Loan, as well as the mortgagee-mortgagor relationship between them; and the claim cannot be maintained without reference to her loan.  *But for* the Loan and the mortgagor-mortgagee relationship, there would be no obligation placed on the bank to record a satisfaction upon full payment.  The Court is not persuaded by Howard's citation to *Pinchot v. Charter One Bank, F.S.B.*, 99 Ohio St. 3d 390 (2003), which concerns the issue of federal preemption  — a different and quite distinguishable analysis from a determination of arbitrability.  With the Agreement's definition, calling for the "broadest possible meaning" of "claim", and since R.C. § 5301.36 would not be implicated unless there were satisfaction of the Note obligation, this Court finds arbitration applies.

Howard additionally argues her Complaint constitutes an action to quiet title under subsection (e), "Excluded Claims", in the Arbitration Agreement.  Because Howard believes

an action under R.C. § 5301.36 serves to prevent clouds on title to realty, she insists the parties intended a court, not an arbitrator, to adjudicate a claim regarding the recording of a mortgage satisfaction.  Nevertheless, as Wells Fargo Bank points out, Howard's Complaint makes no reference to the quiet title statute, R.C. § 5303.01, and seeks only monetary damages, not reformation or correction of the title.  Further, assuming Plaintiff Howard's interpretation to be true, she lacks standing to bring a quiet title action. Ohio law permits only a party in possession to sue to quiet title.  It is undisputed that Plaintiff Howard conveyed her interest in the property on December 16, 2005.  Thus, she has no legitimate interest to protect through a quiet title action.

Howard also insists that "[n]owhere is R.C. 5301.36 mentioned under the definition of "Claim" under the Arbitration Agreement despite the delineation of other included causes of action." (Plaintiff's Brief in Opposition, ECF DKT #8 at pp. 8-9).  Wells Fargo Bank correctly points to the generally inclusive nature of the definition of "Claim" in the Arbitration Agreement, which does encompass "federal or state consumer protection statutes or regulations."  The Court finds it would be unjust to require contracting parties to identify every conceivable claim, statute or cause of action contemplated, or potentially implicated, by their relationship.

**Class Action Waiver**

Plaintiff asserts the class action waiver in the Arbitration Agreement is unconscionable and unenforceable.  In her Affidavit (ECF DKT #9), she avers the Arbitration Agreement, with the class action waiver, was prepared by Delta in small, hard-to-read, boilerplate language.  Further, she states she was given no opportunity to negotiate or change

its terms. She was not represented by legal counsel when she signed the Agreement on April 11, 2000.

Under Ohio law, unequal bargaining power alone does not establish unconscionability. See *ABM Farms v. Woods*, 81 Ohio St. 3d 498 (1998). By their very nature, most mortgage arrangements involve unsophisticated consumers and large corporate lenders; so, the parties would rarely be on the same footing. Yet, this Court declines to make the sweeping determination that every mortgage contract with an arbitration clause is voidable. In those types of contracts, valid consideration is exchanged as property owners receive the benefits of loan money, and lending institutions receive security interests in realty.

Although Plaintiff Howard states she was not represented by legal counsel when she executed the Arbitration Agreement, she never says that she was denied the time or opportunity to consult an attorney. Significantly, she signed her name below a conspicuous Acknowledgment, verifying her knowing and voluntary acceptance of the terms of the Agreement and waiver.

At paragraph #9 of her Affidavit, Howard states: " ... I therefore believed that Delta would not have loaned the money to me unless and until I first signed the Arbitration Agreement." She provides no evidence, aside from speculation, that a loan would not be available to her. Nor did she investigate other lenders to ascertain whether loans would be offered without the strict arbitration and waiver provisions. She cannot show that she was deprived of a meaningful choice. Howard's Affidavit does not satisfy her burden of showing the arbitration arrangement was so unfair or one-sided as to be adhesive and unconscionable. *Stout v. J.D. Byrider*, 228 F. 3d 709, 716 (6th Cir. 2000).

Howard puts forth the argument that the class action waiver in the Arbitration Agreement is unenforceable since it frustrates the remedial purpose of R.C. § 5301.36.  It is true that remedial laws must be "liberally construed in order to promote their object and assist the parties in obtaining justice."  R.C. § 1.11.  Nevertheless, Howard incorrectly suggests she is deprived of her remedies; when in fact, she is only limited to the forum in which she may establish her right to relief.  Though not in the context of this particular statute, but rather the remedial federal Truth-in-Lending Act, the Sixth Circuit commented as to "statutory class action rights, ***it is Plaintiffs' burden to show that Congress intended such rights to be non-waivable*** ..." (Emphasis added).  *Burden v. Check into Cash of Kentucky*, *LLC*, 267 F. 3d 483, 492 (6th Cir. 2001), *cert. denied*, 535 U.S. 970 (2002), citing *Randolph v. Green Tree Fin. Corp. - Alabama*, 244 F. 3d 814 at 818 (11th Cir. 2001).  In the instant matter, Howard is unable to meet this burden.

Since the statute provides for only Two Hundred Fifty Dollars in damages for a mortgage satisfaction which goes unrecorded, Howard contends potential litigants and their lawyers would be discouraged from pursuing their statutory rights individually because their costs would exceed the remedy.  Wells Fargo Bank suggests an aggrieved plaintiff may bring an inexpensive small claims action, which would not be barred by the Arbitration Agreement, and which would necessitate no attorney's fees.  Unlike complicated and costly anti-trust actions, in which courts are disinclined to enforce class action waivers, small claims lawsuits are a viable option for enforcing a lender's obligation to record a satisfaction of mortgage under R.C. § 5301.36(B).  The crucial consideration for enforceability of the class action waiver is whether a plaintiff like Howard can vindicate her rights, not whether her counsel

can recover their fees.

### III. CONCLUSION

The Court finds a binding, valid and enforceable Arbitration Agreement exists between Plaintiff Marilyn Howard and Defendant Wells Fargo Bank.  For all the foregoing reasons, Defendant's Motion to Stay Court Proceedings and Dismiss Class Action Claims is granted.  All court proceedings are stayed, and the class action claims are dismissed.  The parties shall file a joint status report every ninety (90) days, informing the Court of the status of the arbitration proceedings.

**IT IS SO ORDERED.**

**DATE: September 21, 2007**

> s/Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**